# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VALERIE REDDING,**

                **Plaintiff,**

**-vs-**                                                    **Case No. 6:00-cv-715-Orl-KRS**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

                **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO REOPEN, AND PERMIT APPLICATION FOR ATTORNEY'S FEES (Doc. No. 29)** |
| **FILED:** | **February 1, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **PETITION FOR ATTORNEY'S FEES UNDER 42 U.S.C § 1383(d)(2) AND 406(b) (Doc. No. 30)** |
| **FILED:** | **February 1, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Bradley K. Boyd, Esq., counsel for Plaintiff Valerie Redding, seeks permission to reopen this case and file an application for an additional[1] fee for representation before the Court pursuant to 42 U.S.C. § 406(b). The motion is due to be denied because (1) an award of attorney's fees is not authorized by 42 U.S.C. § 406(b) under the present circumstances; (2) attorney's fees were not included as part of the Court's judgment in this case; and (3) the motion was not timely filed.

I.   **PROCEDURAL HISTORY.**

In December 1997, Redding applied for disability benefits under the Supplemental Security Income for the Aged, Blind and Disabled program, 42 U.S.C. § 1381, *et seq.* Her application was denied by the Commissioner of the Social Security Administration ("Commissioner"). Redding sought review of that decision in this Court. On September 24, 2001, I entered an order under sentence four of 42 U.S.C. § 405(g), reversing the Commissioner's decision and remanding the case for further proceedings. Doc. No. 22. Judgment was entered on the same date. Doc. No. 23.

Shortly thereafter, Redding filed a petition for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Doc. No. 24. That motion was granted, and Redding was awarded $2,008.77 in attorney's fees. Doc. No. 27. Redding did not ask that the Court extend the time for filing a motion for a further award of attorney's fees pending completion of the administrative proceedings on remand.

---

[1] Redding was already awarded attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Doc. No. 27. The additional fee is sought under a contingency fee agreement entered into between Redding and Boyd. Boyd agrees that he will refund to Redding $2,008.77 paid to him pursuant to the award of attorney's fees under the EAJA if the Court awards attorney's fees under § 406(b).

-2-

On remand, the Commissioner determined that Redding was disabled. On November 30, 2005, the Social Security Administration ("SSA") issued a notice of award advising Redding that she was entitled to $51,336.00 in past-due benefits. Doc. No. 29, ex. A.

Bradley Boyd, Esq., represented Redding in the administrative proceedings and before this Court pursuant to a contingent fee agreement. Doc. No. 30, ex. A. After the Commissioner determined that Redding was disabled, Boyd applied to the SSA for an award of attorney's fees for his work in the administrative proceeding. Boyd represents that the Commissioner approved $5,300.00 for work before the Commissioner. Doc. No. 30.

Redding now requests that the case be reopened so that the Court may award additional fees to Boyd pursuant to 42 U.S.C. § 406(b). This matter is before me for disposition pursuant to the consent of the parties. Doc. No. 21.

## II.   ANALYSIS

### A.   *Applicability of 406(b) to Supplemental Security Income Cases.*

The SSA administers both the Federal Old Age, Survivors and Disability Insurance Program ("OASDI"), also known as Title II, 42 U.S.C. § 401 *et seq.*, and the Supplemental Security for the Aged, Blind and Disabled Program ("SSI"), also known as Title XVI, 42 U.S.C. § 1381 *et seq*. OASDI was enacted in 1935, and is treated as an insurance program. *See Bowen v. Galbreath*, 485 U.S. 74, 75 (1988). SSI was enacted in 1972 and is a welfare program. *See id*. Many provisions of OASDI are made applicable to SSI by explicit statutory reference. For example, 42 U.S.C. § 1383(c)(3) provides that the judicial review provisions of § 405(g) apply to the same extent in SSI cases as they do in OASDI cases. However, other provisions are not so incorporated.

The provision under which Boyd seeks an award of additional attorneys fees, 42 U.S.C. § 406(b)(1)(A), was not originally applicable to SSI cases. *See Bowen*, 485 U.S. at 79. However, the parties agree that in the Social Security Protection Act of 2004 ("SSPA"), Pub. L. No. 108-203, Congress made all of § 406 applicable in the SSI context. Pub. L. No. 108-203, sec. 302(a).[2] Therefore, I must analyze whether fees are appropriate under § 406(b) in this case.

> B.   *The Court Does Not Have Authority to Award Attorney's Fees Under 42 U.S.C. § 406(b) Under the Circumstances of This Case.*

When presiding over an appeal from a final decision of the Commissioner denying disability benefits, a district court may remand the case to the SSA under two circumstances.

> The fourth sentence of [42 U.S.C. §] 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing . . . .
>
> The sixth sentence of 405(g) . . . describes an entirely different kind of remand . . . . The district court does not affirm, modify, or reverse the Secretary's decision . . . . Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceedings and that evidence might have changed the outcome of the prior proceeding. The statute provides that following a sentence six remand, the Secretary must return to the district court to file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

*Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (internal citations and quotation marks omitted).

"Immediate entry of judgment . . . is in fact the principal feature that distinguishes a sentence-four

---

[2] The SSPA makes the fees provision effective on or after the date of the submission by the Commissioner to each House of Congress written notice of completion of a demonstration project that would determine the effect of extending the § 406 withholding provisions to non-attorney representatives. Pub. L. No. 108-203, sec. 302(c). The Commissioner filed the required notice on February 28, 2005. 70 Fed. Reg. 54, 14490 (March 22, 2005). This began a five-year provisional application of the attorney's fees provisions of § 406 in the SSI context. *See* Pub. L. No. 108-203, sec. 302(c)(2).

remand from a sentence-six remand." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).  When, as here, a district court enters a judgment remanding the case to the Commissioner for further proceedings on the merits pursuant to sentence four, the court loses jurisdiction over the case.  *Id.* at 296-97.

The present motion concerns, among other things, the proper interpretation of § 406(b).  "In construing a statute [the Court] must begin, and often should end as well, with the language of the statute itself."  *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1185 (11th Cir. 1997).

Section 406(b)(1)(A) provides, in relevant part, as follows:

> Whenever *a court renders a judgment favorable to a claimant* . . . who was represented before the court by an attorney, the court may determine and allow *as part of its judgment* a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits *to which the claimant is entitled by reason of such judgment* . . . .

(emphasis added).

Section 406(b) permits the Court to allow "as part of its judgment" a reasonable fee not to exceed 25% of the past-due benefits "to which the claimant is entitled by reason of such judgment."  The language of the statute is unambiguous.  In order for a court to award fees under § 406(b), the court's judgment must (1) entitle the claimant to an award of past-due benefits, and (2) include an award of attorney's fees under § 406(b).

In the present case, the judgment that was entered remanded the case, without directing the Commissioner to award benefits to Redding.  Therefore, Redding was not entitled to past-due benefits by reason of the judgment.  Furthermore, the judgment did not include an award of attorney's fees

under § 406(b). Thus, the statute does not permit an award of attorney's fees under § 406(b) in the circumstances of this case.[3]

Despite the clear language of the statute, courts are divided on whether attorney's fees can be awarded under § 406(b) after a judgment is entered under sentence four of 42 U.S.C. § 405(g), when the judgment reverses and remands the case for further proceedings on the merits without directing the Commissioner to award benefits to the claimant. The following courts have concluded that § 406(b) does not permit the award of benefits: *Bennett v. Barnhart*, 400 F. Supp. 2d 1298 (N.D. Okla. 2005); *Rose v. Barnhart*, Case No. 01 Civ. 1645(KMW), 2005 WL 2276984 (S.D.N.Y. Sept. 19, 2005); *McGraw v. Barnhart*, 370 F. Supp. 2d 1141, 1156 (N.D. Okla. 2005) ("[U]nder the statutory language of § 406(b)(1), [the court] lacks authority to award § 406(b)(1) fees absent a judgment by the Court that entitles Plaintiff to past-due benefits."); *Durant v. Chater*, 906 F. Supp. 706, 713 (D. Mass. 1995) ("[T]his Court declines to assume the power in the context of its remand to award attorneys' fees under section 406(b)."); *Elliot v. Gardner*, 279 F. Supp. 875 (N.D. Ohio 1967) ("Title 42 U.S.C. § 406(b)(1) . . . in using the term 'a judgment favorable to the claimant' refers to a judgment on the merits of the controversy."); *see also Taylor v. Halter*, Case No. 6:00-cv-442-ACC-KRS, doc. no. 37 (M.D. Fla. June 27, 2005)(approving and adopting this construction of § 406(b) in a similar case).

---

[3] In *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002), the United States Supreme Court discussed the standard to be used in considering an attorney's fee petition under § 406(b). The Court did not discuss the timeliness or posture of the petition. The brief of the petitioner reflects, however, that the district court awarded benefits to each claimant. Brief for Petitioners, 2002 WL 100406 (Jan. 12, 2002). Therefore, *Gisbrecht* did not present the question of whether a court may award fees under § 406(b) if it remands a case under sentence four of § 405(g) for further proceedings on the merits, without awarding benefits to the claimant.

-6-

On the other hand, the following courts have awarded fees under § 406(b) following a sentence four remand:[4] *Rohrich v. Bowen,* 796 F.2d 1030, 1031 (8th Cir. 1986) ("When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."); *Conner v. Gardner*, 381 F.2d 497, 500 (4th Cir. 1967) ("We are of the view that the court may award a fee for substantial work done before the court although the court enters no judgment for specific benefits but, instead, orders a remand to the Secretary who ultimately honors the claim for benefits."); *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1097 (N.D. Ill. 2005) (holding that *Smith v. Bowen*, 815 F.2d 1152, 1155 (7th Cir. 1987), which awarded fees under § 406(b) following entry of summary judgment awarding benefits, also permits fee awards in cases following a sentence four remand); *Rosado Vasquez v. Sec'y of Health and Human Servs.*, 608 F. Supp. 346, 348 (D.P.R. 1985) (following *Conner*).[5]

---

[4] Most of these cases were decided before the United States Supreme Court decided *Melkoyan v. Sullivan*, 501 U.S. 89 (1991), and *Shalala v. Schaefer*, 509 U.S. 292 (1993). *Melkoyan* and *Schaefer* made clear that a judgment remanding a case under sentence four of 42 U.S.C. § 405(g) was a final judgment, which was not the view of many of the courts who issued decisions before *Melkoyan* and *Schaefer*. Moreover, as noted in *Durant v. Chater*, 906 F. Supp. 706, 713 (D. Mass. 1995), before *Melkoyan* and *Schaefer*, courts reasoned that an attorney could not collect fees if the court did not permit a post-judgment application for fees under § 406(b). After the Supreme Court held in *Melkoyan* and *Schaefer* that a sentence-four remand order for further proceedings was a final judgment for purposes of the EAJA, however, the earlier rationale no longer applied. *Id.*

[5] Still other courts have authorized a claimant to file a motion for attorney's fees if, after a sentence-four remand for further proceedings on the merits, the Commissioner determines that the claimant is entitled to past-due benefits. These courts do not explain the legal authority supporting this authorization. *See, e.g., Ott v. Callahan*, No. CIV.A. 94-4235-DES, 1997 WL 231091 (D. Kan. April 15, 1997); *Oddi v. Comm'r of Soc. Sec.*, No. 6:02-cv-1412-ORL-DAB, doc. no. 30 (M.D. Fla. 2004).

The United States Court of Appeals for the Eleventh Circuit has yet to address this issue. *See Dawson v. Finch*, 425 F.2d 1192, 1195 n.4 (5th Cir. 1970) ("We need not and do not reach the Secretary's contention that under 42 U.S.C.A. 406(b) a court may not allow attorney's fees unless it renders a judgment on the merits favorable to the Claimant.").

In the absence of controlling authority, and in light of the unambiguous language of the statute, I conclude that 42 U.S.C. § 406(b) does not permit an award of attorney's fees in this instance because Redding was not entitled to past-due benefits "by reason of [the Court's] judgment," and payment of a reasonable attorney's fee was not included as "part of [the Court's] judgment."

  C. *The Petition Was Not Timely Filed.*

Assuming, alternatively, that 42 U.S.C. § 406(b) permits the Court to award attorney's fees under the circumstances of this case, the present motion was not timely filed. Federal Rule of Civil Procedure 54(d)(2)(B) and Middle District of Florida Local Rule 4.18 both provide that a motion for an award of attorney's fees must be filed "no later than 14 days after entry of judgment." *See Pierce v. Barnhart*, __ F.3d __, 2006 WL 335663, at *5-6 (5th Cir. Feb 14, 2006) (holding that the fourteen day limit under Federal Rule of Civil Procedure 54(d) or local rule applies to petitions under § 406(b) unless extended by court order); *accord Taylor v. Halter*, Case No. 6:00-cv-442-ACC-KRS, doc. no. 37 (M.D. Fla. June 27, 2005)**.**

Final judgment was entered in this case on September 24, 2001. Redding's attorney did not file his petition for authorization to reopen until February 1, 2006, more than four years after entry of judgment. Accordingly, the request to reopen the case to seek attorney's fees under § 406(b) was not timely filed.

**DONE** and **ORDERED** in Orlando, Florida on March 17, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties